ATTEST: A TRUE COPY
Date: 12/2/2011

CLERK OF COURT
By: [signature]
Deputy Clerk, U.S. Bankruptcy Court
Western District of Louisiana

**SO ORDERED.**

**SIGNED December 02, 2011.**

HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

10cv665

| | |
|---|---|
| IN RE: | |
|     N.R. GROUP, L.L.C. | CASE NO. 08-81329 |
| CITY OF ALEXANDRIA | |
| VERSUS | ADVERSARY NO. 11-8014 |
| SYMBIOTIC PARTNERS, LLC, ADAIR ASSET MANAGEMENT CENTER/US BANK TED BRETT BRUNSON, CHAPTER 7 TRUSTEE | |
| AND | |
| CITY OF ALEXANDRIA (Plaintiff/Counter-Defendant) | ADVERSARY NO. 10-8030 |
| VERSUS | |

INSPIRATIONAL ENTERPRISES, LLC (Defendant/Counter-Claimant/ Third Party Plaintiff)
TED BRETT BRUNSON (Chapter 7 Trustee)
CAPITAL ONE, NA (Intervenor)
LOUISIANA DEPARTMENT OF REVENUE (Third Party Defendant)
CHUCK F. WAGNER, JR. (Third Party Defendant)
RALPH GILL (Third Party Defendant)

**REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT**

The above-captioned Adversary No. 11-8014 was filed on November 11, 2011, and comes before the bankruptcy court on its *sua sponte* review of the Complaint for Declaratory Judgment, to

Annul a Tax Sale, and to determine the extent and validity of a lien or ownership interest in real property once leased by the debtor pursuant to a lease which was deemed rejected as of July 17, 2009. It is alleged that in 2008, the Rapides Parish Tax Assessor assessed the relevant 3.53 acre tract twice, and thereby caused the Rapides Parish Sheriff to convey by tax sales the property to both Symbiotic Partners, LLC and to Inspirational Enterprises in May of 2008. An even later, post-petition, tax sale to Adair Asset Management, dated May 13, 2009, is alleged and further complicates the matter, this sale resulted from Symbiotic's apparent failure to pay the parish taxes in 2009.

In the previously filed Adversary No. 10-8030, Inspirational Enterprises, LLC claims an ownership interest in the same property by virtue of a tax sale dated May 14, 2008. In that sale, the deed clearly references that the "Building is on leased land owned by the City of Alexandria." ¶30. A hearing was held on October 12, 2011, on Motion for Summary Judgment by the Plaintiff, the City of Alexandria, which was opposed by Capital One, NA as the lien holder on the leasehold interest, and by Inspirational Enterprises, the tax sale purchaser. Following the hearing, the parties were allowed 30 days to submit an Agreed Order as to the lien, reserving the right of Inspirational Enterprises as to the Third Party Demand and the right to withdraw the reference. The Court anticipated that if no agreement is reached, the hearing on the Motion for Summary Judgment can be reset. (Minute Entry, October 12, 2011, Adversary No.10-8030.)

The District Court is already familiar with the history of this property, the present Fulton Inn, (formerly a Hilton hotel and a Holiday Inn), located on the real property. In yet another Adversary Proceeding No. 09-8045, the bankruptcy court held that the fee simple ownership of the hotel tower and parking lot remained the property of the City of Alexandria, notwithstanding a lengthy history of leases, amended leases, foreclosures, transfers of leasehold interests, deeds with assumptions of leases, culminating in the bankruptcy court deeming the lease rejected. Capital One, NA claimed ownership of the improvements, the hotel tower, and parking lot, pursuant to a security interest in the leasehold. Capital One had insisted that a 1983 option in a lease, that, if exercised, would have conveyed title to the improvements to the debtor, NR Group, and Capital One would have held a security interest in at least the improvements, and/or the real property. The bankruptcy court rejected Capital One's claims, based on its intensive review of the title record and registry, rejecting the contention that the option had ever been exercised.

Capital One appealed to the United States District Court (Civil Action Number 10-0665). The District Court, after noting that its own review disclosed even more evidence in favor of the City, held the that the fee ownership of the hotel tower and parking lot were vested in the City of Alexandria, free and clear of any leasehold mortgage or other encumbrance in favor of Capital One, N.A. The Court found no evidence that the 1983 option was ever exercised, or any other evidence of a conveyance of the fee title to the debtor or its predecessors. However, the District Court remanded the matter to the bankruptcy court for further development of the record on the issue of termination of the lease between the City of Alexandria and N.R. Group, the debtor in the related bankruptcy case.[1]

The District Court expressed doubt as to this Court's holding that the lease was terminated, suggesting the grounds for that conclusion were unclear, observing that a "deemed rejection of a lease pursuant to § 365(d) of the Bankruptcy Code does not automatically effect that lease's termination, and security interests in the leasehold are not automatically extinguished by this rejection." *In re Austin Dev. Co.,* 19 F. 3d 1077, 1081-1083 (5th Cir. 1994), (holding a lease's deemed rejection does not effectuate its termination, in part specifically because "the most adverse consequences [of termination] . . . are reserved for the third party mortgagee," a result which the Court calls "capricious" and without rationale under § 365.) Instead, parties' rights post-petition are governed by the terms of the lease and ordinary principles of state law, in this case the Louisiana Law of Obligations and Property. (Ruling, pg. 33.) The District Court noted that Louisiana Law recognizes the third-party beneficiary doctrine, under La.Civ.Code art.1978, which would allow a third-party-beneficiary mortgagee in the leasehold from maintaining an action against the lessor to protect its security rights, if any. *Id.,* at 1083-84.

The District Court posited that the rejection of the lease effectively puts the lease itself outside the bankruptcy court's jurisdiction, based on the conclusion expressly stated by the Fifth Circuit in *Austin*, that the extent of the rights of the third party lender do not fall within the "related to" jurisdiction of the bankruptcy court under 11 U.S.C. §1334(b), and should be decided in state court,

---

[1] This Court has deferred a ruling on the issues posed on remand at the request of Counsel for the City of Alexandria and Capital One.

3

rather than in the bankruptcy arena.[2]

The District Court's concern, as well as the Fifth Circuit's observation in *Austin*, although possibly dicta, proved to be prescient. The holding of the United States Supreme Court in *Stern v. Marshall*, 132 S.Ct. 2594, 180 L.Ed.2d 475 (June 23, 2011) concluded that the bankruptcy courts have no constitutional authority to issue final orders under 28 U.S.C. §157(b)(2)( c), regarding the exercise of jurisdiction over counterclaims by the estate against persons filing claims against the estate. Without deciding the matter on remand, regarding the rejection as opposed to termination of the lease, this Court posits that the relief requested in both above-captioned adversaries raise concerns under 28 U.S.C. §157(b)(2)( c) (Inspirational Enterprises, LLC filed Claim # 8 in the amount of $28,861.86), 28 U.S.C. §157(a) and 28 U.S.C. §1334(b).

In Count One of the complaint in Adversary No. 11-8014, the City requests a declaratory judgment authorizing the City to lease or sell the property free and clear of the liens asserted by Symbiotic and Adair, and further directing the Clerk of Court, Parish of Rapides to cancel the recordation of the tax lien on the public record. In Count Two, the City requests a declaratory judgment that the Chapter 7 Trustee retains no marketable interest in the immovable property or the rejected lease and declaring that the City is authorized to enter into a new lease or sale without the concurrence of the Chapter 7 Trustee. Count Three requests that this Court enter a judgment declaring the tax lien and sale effective only to the leasehold interest of the Debtor, the lien(s) canceled effective on rejection of the lease by the Debtor, or in alternative declaring the tax sale(s) to be null and void and ordering the Clerk of Court for Rapides Parish to cancel the lien and sale on the public records to the extent it purports to encumber the real property.

This court suggests that the validity of the tax sales of the real property once leased by the

---

[2]This Court notes that the District Courts "in which a case under Title 11 is commenced or is pending, shall have exclusive jurisdiction -(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate" under 11 U.S.C. §1334(e)(1). Thus, since NR Group operated the hotel as debtor-in-possession pursuant to the lease as of the commencement of the case, the state courts are perhaps not the only forum in which any post-rejection rights under the lease, may remain subject to the District Court's jurisdiction. Under §365, the assumption of a lease by the debtor or Chapter 7 Trustee would elevate the rentals to the status of an administrative claim. Likewise, the rejection of the lease might permit the lessor to claim damages for breach of the lease as a claim against the estate.

debtor under 11 U.S.C. §365 may fall beyond the bankruptcy court's constitutionally permissible "related to" jurisdiction, particularly after *Stern*. Although the Supreme Court did not expressly address rejection rights, the conclusion that the reasoning therein confirms Constitutional restraints on the Bankruptcy Court's jurisdiction is inescapable with regard to "related to" jurisdiction under 28 U.S.C. §1334. While the dissent in Stern notes that the Bankruptcy Courts frequently encounter disputes between a landlord and third parties who have some relationship with the debtor and the administration of the bankruptcy estate, over which the United States District Courts have exclusive jurisdiction, such a relationship here is lacking. (*See* Complaint ¶22 "The Debtor is no longer a lessee of the property and the lease has been deemed rejected by final Order of this Court. The Debtor at no time owned the real property." *See also* Complaint ¶52-53 "The Trustee has asserted no estate interest in or claim to the real property. The City of Alexandria shows that the property is not property of the estate and the Chapter 7 Trustee exercises no control over the immovable property and further that the lease is no longer executory.") Even if the causes of action can be cast by plaintiff as supplemental claims under 28 U.S.C. §1367(a), over which the bankruptcy courts could exercise "related-to" jurisdiction under the controlling 5th Circuit precedent in *TXNB Internal Case v. GPR Holdings, L.L.C.*, 483 F.3d 292 (5th Cir. 2007), plaintiff has admitted in the petition as quoted above that these causes of action lack any "implications for debtor['s] estate." *TXNB Internal Case*, 483 F.3d. At 298. *Cf. Townsquare Media, Inc. v. Brill*, 652 F.3d 767 (7th Cir. 7/21/11)(a post-Stern discussion of the limits on the exercise of bankruptcy court jurisdiction over supplemental causes of action). This Court cannot justify the exercise of jurisdiction in the above-captioned adversary complaints regarding state law causes of action concerning the validity of tax sales to third parties, of property already determined by the District Court to be owned by the former lessor of the debtor.

    The tortuous twenty-eight year history of the hotel property culminated in a tenant seeking reorganization under Chapter 11 in the bankruptcy court. In Chapter 11, there is a presumption that a debtor may successfully reorganize, similar to the presumption that in favor of a Chapter 7 individual debtor may obtain a "fresh start" in the form of a discharge. Here, the attempted reorganization by the City's tenant, N.R. Group, L.L.C., failed, leaving Capitol One in the unenviable position of a lender to a failed business endeavor, in a dispute with the non-debtor lessor of the property. The City, as lessor, prevailed in its effort to have its ownership rights recognized despite

a plethora of disputed transactions between the debtor as lessee, its predecessors, and the hapless lender. By analogy, the City obtained something of a fresh start. The brief sojourn of one tenant in this Court does not bestow carte blanche on the same to deal with present and future obstacles to the City's ongoing efforts to market the property.

## CONCLUSION

For the reasons stated in this Report and Recommendation, this Court **RECOMMENDS** that the District Court withdraw the reference as to Adversary Proceedings 10-8030 and 11-8014. The Clerk of the Bankruptcy Court is **DIRECTED** to send this Report and Recommendation to the United States District Court forthwith.

###